# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| APRIL LASHELLE CLARK, as Next Friend of Agness McCurry, | ) ) ) | Case No. 2:26-cv-108 |
| *Petitioner*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Cynthia R. Wyrick |
| WASHINGTON COUNTY SHERIFF and ANY UNKNOWN CUSTODIAL OFFICERS | ) ) ) ) | |
| *Respondents*. | ) ) | |

---

## MEMORANDUM & ORDER

---

Petitioner April Lashelle Clark filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 as next friend to Agness McCurry, a pretrial detainee held at the Washington County Detention Facility (Doc. 1). She subsequently filed a supplemental notice (Doc. 4) and a motion for leave to proceed *in forma pauperis* (Doc. 5). For the reasons that follow, the petition will be summarily **DISIMISSED.**

## I.      BACKGROUND

On or about April 30, 2026, April Lashelle Clark filed a petition on Agness McCurry's behalf, alleging that Ms. McCurry is being detained in Washington County Case No. 90CC1-2026-CR51351without a lawful basis, proper process, bond, or access to counsel and/or medical care (Doc. 1, at 1–2; Doc. 4, at 1–3). Petitioner maintains that she is a proper next friend, because: (1) "Ms. McCurry is unable to access the courts effectively, due to

detention and limited access to counsel and communication"; and (2) "Petitioner is acting in good faith and in the best interest of Ms. McCurry."  (Doc. 1, at 2.)

On January 17, 2025, United States District Judge Clifton L. Corker entered an Order finding Ms. McCurry had repeatedly engaged in vexatious and frivolous litigation and permanently enjoining her "from filing any petition or complaint without first seeking and receiving approval by the Court."  *McCurry v. Eastman Credit Union*, No. 2:23-CV-61-DCLC-CRW, Doc. 119, at 1 (E.D. Tenn. Jan. 17, 2025).  In addition, the Order required that, to obtain the Court's permission to file, Ms. McCurry must file:  (1) a copy of the proposed action to be filed; (2) a declaration under penalty of perjury or sworn affidavit certifying that the action raises new issues, is not frivolous, and is not filed in bad faith; and (3) a statement listing "the full caption of each and every suit" filed by Ms. McCurry or on her behalf. *Id.* at 8–9.  The Court warned that failure to comply with these requirements "may lead to further sanctions." *Id.* at 9.

## II.     ANALYSIS

This Court must conduct an initial review of the § 2241 petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  Rule 4, Rules Governing Section 2254 Cases in the United States District (hereinafter "§ 2254 Rule(s)"); *see also* § 2254 Rule 1(b) (permitting application of § 2254 Rules to § 2241 petitions).   And following this review, the Court finds the petition must be dismissed.

First, Petitioner lacks standing to file a habeas petition on Ms. McCurry's behalf.  It is not against the rules for a petition to be filed by one person on another's behalf.  *See* 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the

2

person for whose relief it is intended or by someone acting in h[er] behalf."). But "next friend" status cannot be conferred unless the putative next friend: (1) "provide[s] an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on h[er] own behalf to prosecution the action"; and (2) is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Here, Petitioner cannot sustain this action as a next friend on behalf of Ms. McCurry, because she has not presented any evidence that Ms. McCurry is incapable of appearing and prosecuting this action on her own behalf, and she has not presented evidence that she is truly dedicated to Ms. McCurry's best interests.

Second, Ms. McCurry has been enjoined by this Court from filing any additional habeas petitions or civil rights actions unless she files a motion or leave to do so, along with the other documentation mentioned above in Judge Corker's Order. *See McCurry*, Doc. 119, at 1 (E.D. Tenn. Jan. 17, 2025). Ms. McCurry did not obtain permission to file this case. And she cannot try to avoid this Court's injunction by having someone else file this action on her behalf. *See Banks v. NPR News Morning Edition*, 795 F. App'x 92, 92–94 (3d Cir. 2020) (affirming dismissal and rejecting attempt of vexatious litigant to evade prefiling requirements). Therefore, Ms. McCurry is enjoined from filing this petition, and it will be dismissed.[1]

---

[1] And as to allegations that Ms. McCurry is being held without counsel, access to the courts, and without notice of the charges against her, the Court takes judicial notice that Ms. McCurry is facing five counts of retaliation for past action and two counts of harassment in Washington County Case No. 90CC1-2026-CR-51351, that she has been appointed counsel in that case, that she was arraigned on those changes on May 6, 2026, and that she has a trial date of September 28, 2026. *See Washington County Online Court Records System*, WASH. Cnty, https://washington.tncrtinfo.com/cmCaseList.aspx (last visited May 11, 2026); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites.") (citations omitted).

## III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before she may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because reasonable jurists would not debate that Petitioner lacks standing to bring a petition on Ms. McCurry's behalf, or that Ms. McCurry has not obtained permission to file this suit on her own behalf, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**, and the motion to proceed *in forma pauperis* (Doc. 5) **DENIED** as moot.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

4